IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOM CURTIS DOWDY,

    Plaintiff,

v.

WALWORTH COUNTY JAIL, et al.,

    Defendants.

ORDER

Case No. 24-cv-130-jdp

---

TOM CURTIS DOWDY,

    Plaintiff,

v.

DODGE CORRECTIONAL INSTITUTION,

    Defendant.

ORDER

Case No. 24-cv-131-jdp

---

Plaintiff Tom Curtis Dowdy, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted two proposed civil actions under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of a trust fund account statement in support of a motion for leave to proceed without prepaying the filing fee. After considering the motion and supporting documentation, I conclude that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from plaintiff's trust fund account statement for the six-month period preceding the complaint, I calculate plaintiff's initial partial payment for each case to be $30.16 (total $60.32). For these cases to proceed, plaintiff must submit this amount on or before April 2, 2024.

If plaintiff does not have enough money to make the initial partial payments from a regular inmate account, then plaintiff should arrange with prison authorities to make the payments from a release account. However, prison officials will draw funds first from the plaintiff's regular account, and then, if any portion of the payment remains, from the plaintiff's release account.

*Carter v. Bennett*, 399 F. Supp. 2d 936 (W.D. Wis. 2005).  Federal courts have no authority to order state officials to allow a prisoner to withdraw funds from a release account for any other purpose.  *Id*.

## ORDER

IT IS ORDERED that:

1. Plaintiff Tom Curtis Dowdy is assessed an initial partial payment for each case of $30.16 (total $60.32).  Plaintiff must submit a check or money order payable to the clerk of court by April 2, 2024 or advise the court in writing why plaintiff is not able to make the initial partial payments.

2. If plaintiff fails to make the initial partial payments by April 2, 2024, or fails to show cause why the payments could not be made, then I will assume that plaintiff wishes to withdraw these actions voluntarily.  In that event, the cases will be dismissed without prejudice to plaintiff refiling at a later date.

3. No further action will be taken in these cases until the clerk's office receives the initial partial payments as directed above and the court has screened the complaints as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2).  Once the screening process is complete, the court will issue a separate order.

Entered this 5th day of March, 2024.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge