IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOM CURTIS DOWDY,

                Plaintiff,

v.                                                  OPINION and ORDER

WALWORTH CTY. JAIL and PROBATION OFFICE       24-cv-130-jdp
IN ELKHORN, WI,

                Defendant.

---

Plaintiff Tom Curtis Dowdy, proceeding without counsel, alleges that staff at the Walworth County Jail (WCJ) unlawfully disciplined him based on an erroneous determination that he violated a condition of his probation. Walworth was detained at WCJ when he brought this action, but he's currently incarcerated at Green Bay Correctional Institution.

Because Dowdy proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Dowdy's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I need not accept Dowdy's allegations as true if matters of public record contradict them. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). I will dismiss the complaint for failure to state a claim upon which relief may be granted, but I will give Dowdy a final chance to amend the complaint to fix this problem.

ALLEGATIONS OF FACT

The Wisconsin Department of Corrections' Offender Detail page shows that, in March 2022, Dowdy was released from prison on extended supervision. On March 19, 2023, Dowdy was arrested for possessing drugs, after which he was detained at WCJ. Dowdy's probation had a no-contact condition. In October 2023, Dowdy received a conduct report for violating the no-contact condition. Dowdy argued that the conduct report was improper because his probation had been revoked in September 2023 and, thus, the condition no longer applied. Dowdy was found guilty and received 11 days in disciplinary segregation. Records from Walworth County Case Nos. 2021CF122 and 2012CF536 state that Dowdy's probation was revoked on November 9, 2023. According to his Offender Detail page, Dowdy re-entered the DOC on November 14, 2023.

ANALYSIS

Dowdy states that he's suing under state law, but his allegations don't suggest a state-law violation. I take Dowdy to bring a Fourteenth Amendment procedural due process claim. Dowdy's allegations indicate that he was in custody awaiting a probation revocation hearing when the events at issue occurred. So, I will treat him as a pretrial detainee to analyze his procedural due process claim. *Voss v. Marathon Cnty.*, No. 18-cv-540-jdp, 2021 WL 148732, at *4 (W.D. Wis. Jan. 15, 2021).

The receipt of a false or erroneous conduct report, by itself, doesn't create a due process claim because the detainee can "litigate the truthfulness of the report through a hearing process." *Gonzalez v. Bliss*, No. 17-cv-851-jdp, 2018 WL 4076451, at *1 (W.D. Wis. Aug. 27, 2018). But, if a pretrial detainee's segregation is punishment, he's entitled to:

"(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). "[S]ome evidence" must support the disciplinary action. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

Dowdy alleges that WCJ staff improperly subjected him to disciplinary segregation, but he hasn't alleged a deprivation of the procedural protections listed above. Furthermore, state judicial records show that Dowdy's probation was revoked in November 2023, which contradicts his allegation that the no-contact condition didn't apply because his probation was revoked in September 2023. I will not allow Dowdy to proceed on a procedural due process claim.

Dowdy's complaint has another problem. Dowdy sues WCJ and a DOC probation office, but they're improper defendants in a federal civil rights case. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012); *Morrison v. Brown Cty. Jail*, No. 21-cv-1436, 2022 WL 1203042, at *2 (E.D. Wis. Apr. 22, 2022). Dowdy would have to name as defendants the county and state employees who participated in the deprivation of his federal rights.

I will give Dowdy a final chance to amend his complaint to fix the above problems. In drafting his amended complaint, Dowdy should remember to do the following:

- Carefully consider whether he's naming proper defendants and omit defendants who didn't personally participate in, or otherwise cause, a violation of his

3

constitutional rights. Dowdy must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Dowdy should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Dowdy believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Tom Curtis Dowdy's complaint, Dkt. 1, is DISMISSED for failure to state a claim.

2. Plaintiff may have until July 3, 2024, to submit an amended complaint that corrects the above deficiencies.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff does not comply with this order, I may dismiss the case.

6. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. The clerk is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered June 3, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge